

2017 JUN 15  AM 9:34

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ANTHONY D HAYES
    Plaintiff

v.

STATE TENNESSEE, SHELBY COUNTY JUVENILE COURT,
SHELBY COUNTY CHILD SUPPORT SERVICES,
Dr. Raquel Hatter, Herbert H. Slatery, III, Dan Michaels
, Harold Horne, Kendra Robinson, Maxine Veasey

    Et Al. Defendants

Case No. _____

COMPLAINT FOR CONSTITUTION/
HUMAN RIGHTS VIOLATIONS:
FOR DAMAGES

JURY TRIAL DEMANDED OF PEERS
Defendants sued in their official
And private capacity.

---

**COMPLAINT**

**STATE OF TENNESSEE**

      ss.

**COUNTY OF SHELBY**

I. Preliminary Statement

1. Comes Now, the Affiant/Plaintiff, Secured Party administrator, and beneficiary, Hayes, Anthony Decarlo, an Indigenous Native American, and descendant of one of the 12 Tribes; the Living Soul is making **Special Unrestricted Appearance In Propria Persona for the Public Record in private,** who is a beneficiary of the iron-clad contract herein referred to as the Original Constitution of these united states of America. This Complaint for relief is being filed subsequent to the Human Rights violations under color of Law by Government Officials/agents/ employees of STATE Tennessee who have violated their oaths of offices and the State Tennessee Constitution, the Treaty of Camp Holmes,1835 (7Stat. 474), and

1

[the] United States Constitution, as well as the United Nations Declaration on the Rights of Indigenous Peoples committing: **Human rights violations,** human trafficking, theft and various other violations against the U.S. Constitution Article 6 section 2, the United States Codes :Title 18 U.S.C. Section 241,Title 18 U.S.C. Section 242,Title 42 U.S.C.408,Title 5 U.S.C. 552a,Title 42 U.S.C. Section 1983,Title 42 U.S.C. Section 14141, Title 18 U.S.C. Section 249 ,Title 12 U.S.C.95a (2) , and Title 18 U.S.C. Chapter 31 Section 656,TCA 39-14-103. The Affiant /Plaintiff ,Hayes, Anthony D, supplies his affidavit of Complaint for Criminal and Civil Penalties against the named above and being of full age, being of sound mind the Representative and Beneficiary of the Corporate fiction of the above entity hereby <u>accept the oath of office of the Elected Officials,Judges and his appointed referees.</u> This matter involves Kidnapping, Human Trafficking ,and the theft of assets of the Plaintiff's Corporate Trust ;XXX-XX-0294,  which he is the administrator and beneficiary. The Governmental trustees and the Corporate Agencies and its Agents refused and failed to adjust accounts to zero and or to credit the offset of its Liability Accounting Ledgers for the Account Payable books pursuant to **Title 12 U.S.C. 95 a (2)** where the Plaintiff has in "good faith" tendered Non-Negotiable Instruments to discharge alleged debts although no validation of contract was ever made. The STATE TENNESSEE CORPORATION suspended the Entity Driver's privilege card # XXXXXXX97-TN, on or about January 2013, although there had been no Driving violations committed. These action were malicious and capricious to create a scheme of violations for the STATE TENNESSEE Judicial system and to make the Fiction entity "ALL CAPS", ANTHONY D. HAYES a criminal for incarceration for the "STATE" and Child Support for the levying of this corporate account. The Plaintiff made application to employers in the Public for employment that required a State issued Driver's License and Hayes has been denied employment for several years and the right to life, liberty and justice, but is always being incarcerated for an Alleged Child Support Debt. Although Hayes is the secured party and the **Holder in Due Course,** of the corporate fiction showing an affidavit of Ownership for certificate of title to the Birth Certificate and being the administrator and Beneficiary of the corporate trust above the Governmental bodies failed to execute their fiduciary duty as

trustees. The Governmental Agencies has failed to comply with its Practices,CFR's, Statues and the Supreme Law of the Land(**See Exhibit 1**, Attached BC Certificate Title);

## NON-NEGOTIABLE INSTRUMENTS

2. Since there's no money to pay debt with, only debt instruments. Pursuant to HJR-192, U.S.C. 48, 48 Stat. 112 ,and Public Law73-10, **all debts shall be discharged dollar for dollar and Title 12 U.S.C.95a (2) is the amended and most current statue pursuant for** when tender of payment is issued to Claimant, since 1933 ( the bankruptcy of the United States and all other corporations). (**See Exhibit 2** House Joint Resolution 192, Public Law 73-10).

## UNIFORM COMMERCIAL CODE

**According to UCC. Section 3-501. Presentment.** (a) Means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to a draft made to the drawee.

(b)(2) Upon the demand of the person to whom presentment is made, the person making presentment must (1) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

**According to UCC. Section 3-603. Tender of Payment.** (a) if tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a single contract.

(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument **and the tender is refused, there is discharge, to the extent of the amount of the tender,** of the obligation of and indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

**And according to UCC. Section 3-311. Accord and Satisfaction by Use of Instrument.** (a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as **"Full Satisfaction of the Claim",** (ii) the amount of the claim was unliquidated or subject to a bona fied dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

(b) Unless subsection (c) applies, **the claim is discharged** if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as **"Full Satisfaction of the Claim".**

3

3. Plaintiff institutes this action for: recoupment pursuant to UCC 3-305, 3-306,9-210 and asks the court to an audit for the account # XXX-XX-0294 , in order that actual damages, statutory damages, compensatory damages, exemplary damages, punitive damages and attorney's fees, and the costs of this action be sanctioned against all Defendants for multiple violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto, and for violations of the Fair Credit Billing Act, 15 U.S.C.1601 et seq. §§ , Title 18 U.S.C. Section 241,Title 18 U.S.C. Section 242,Title 18 U.S.C.1001,Title 42 U.S.C.408,Title 5 U.S.C. 552a,Title 42 U.S.C. Section 1983,42 U.S.C. Section 14141, Title 18 U.S.C. Section 249 ,Title 12 U.S.C.95a (2) , and Title 18 U.S.C. Chapter 31 Section 656, TCA. 39-14-103, as pendent claims.

## II. JURISDICTION STATEMENT AND JURISDICTION

As of December 9th 1945 International Organization Immunities Act relinquished every public office of the United States to the United Nation. Whatever the form in which the Government functions, anyone entering into an arrangement with the Government take the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, property exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority. SEE UTAH POWER & LIGHT Co. V. UNITED STATES,243 U.S. 389.409,391;UNITED STATES V. Stewart,311 U.S.60,70,108,and see generally, In re: Floyd Acceptances,7 Wall.666); 22 CFR 92.12-92.31 FR Heading "Foreign Relationship" states that an oath is required to take office.

Title 8 U.S.C 1481 stated once an oath is taken citizenship is relinquished, thus you become a foreign entity, agency, or state. That mean every public office is a foreign state, including all political subdivisions.

The 11th Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of an Foreign State" (A foreign entity,

agency, or state cannot bring any suit against a United States citizen without abiding the following procedure.) **[THE STATE OF TENNESSEE]**

Title 22CFR 93.1-93.2 states that the Department of State has to be notified of any suit, and in turn has to notify the United States citizen of said suit. **[THE STATE TENNESSEE DID NOT]**

Title 28 USC 1330 states that the United States District Court has to grant permission for the suit to be pursued once the court has been supplied sufficient proof that the United States citizen is actually a corporate entity.

4. The jurisdiction of this court for the Cause of Action is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction of this court for the pendent claims is authorized by Fed. R. Civ. P. 18(a).

### III. PARTIES

6. The Plaintiff, Anthony D. Hayes, is a Living soul, administrator and beneficiary to corporate trust and resident of Shelby County residing at 2954 Spottswood Avenue, Memphis, Tennessee [38111].

7. Defendant, STATE TENNESSEE, is a corporation doing business as a person and for its sole purpose for commerce and public welfare with subdivisions such as the Department of Human Services with its principal office located at the 400 DEADERICK STREET, Nashville, TN 37243.

8. Defendant, SHELBY COUNTY CHILD SUPPORT, is a corporation doing business as a person and for its sole purpose for commerce and public welfare as such with contract business with the Department of Human Services with its principal office located at the 3915 S. Mendenhall, Memphis, TN 38119.

9. Defendant, SHELBY COUNTY JUVENILE COURT, is a corporation doing business as a person and for its sole purpose for commerce and public welfare as such with contract business with the STATE TENNESSEE with its principal office located at the 616 ADAMS AVE., Memphis, TN 38103.

10. Defendant, Dr. Raquel Hatter, is a Department head of Department of Human Services Division with the STATE TENNESSEE and at all times of this action was fully aware of all matters with such as the Department of Human Services with her principal office located at the 400 DEADERICK STREET, Nashville, TN 37243.

11. Defendant, Herbert Slatery,III, is the STATE ATTORNEY GENERAL with the STATE TENNESSEE and at all times was given documentation in these matter but failed to intervene and correct matters with his principal office located at 400 DEADERICK STREET, Nashville, TN 37243.

12. Defendant, Judge Dan Michaels, is an elected Judge of the Judiciary for Juvenile Justice doing business for the STATE TENNESSEE within SHELBY COUNTY and for the sole purpose for commerce and public welfare with the Department of Human Services with his principal office located at the 616 ADAMS AVE., Memphis, TN 38103 and at all times appointed the Referee Judges that violated their oaths of office and to commit the offenses against the Plaintiff.

13. Defendant, Referee Judge Harold Horne, is an appointed Judge of the Judiciary for Shelby County Juvenile Justice doing business for the STATE TENNESSEE within SHELBY COUNTY and for the sole purpose for commerce and public welfare with the Department of Human Services with his principal office located at the 616 ADAMS AVE., Memphis, TN 38103.

14. Defendant, Kendra Robinson, is Department Supervisor for the SHELBY COUNTY CHILD SUPPORT AGENCY doing business for the STATE TENNESSEE within SHELBY COUNTY and for the sole purpose for commerce and public welfare with the Department of Human Services and in this matter failed to restore Plaintiff's Driver's card and made threats of incarceration with her principal office located at the 3915 S.Mendenhall, Memphis, TN 38103.

15. Defendant, Maxine Veasey, is a retired Department of Human Services employee for the STATE TENNESSEE and at all times in this matter authorized disclosure and the use of the Plaintiff's SSN- XXX-XX-0294 with the Department of Human Services with her address located at the 861 East Mallory., Memphis, TN 38106.

16. At all times relevant hereto, the Defendants suspended the Plaintiff's TNDL-XXXXXX597 to create criminal /civil matters against the Plaintiff solely for the purpose to prevent the Plaintiff from obtaining employment or even obtaining financial loans. That Plaintiff's TNDL was suspended on or about January 1, 2013 and had no employment, nor savings or way of fiat currency in the Public.

## IV. FACTUAL ALLEGATIONS

17. That on or about June 15, 2016, the Plaintiff, Hayes, Anthony D. the Living soul was Kidnapped/ human trafficked and incarcerated for a warrant for Contempt of Court and was never given proper notice of any contempt matter. It is well to note that this was the same date that the Plaintiff was unlawfully evicted from his home at 4554 Tammy Cove, Memphis, Tennessee [38116] which appears to be a concerted scheme to jail him and take his personal properties. The Defendant violate: Title 18 U.S.C. 242, Title 18 U.S.C.242, and Title 18 U.S.C.1001 for Kidnapping, Human Trafficking, and False Imprisonment.

18. Upon making a Special appearance before the Juvenile court on or about October 18, 2016 the Plaintiff was jailed again. It is well established that there is significant improprieties and Hate towards Hayes as a Native American and that the facts even reveals that based on Juvenile Court Hearing before **Referee Carlyn Addison the Plaintiff, the Living soul was incarcerated again plus Referee Carlyn Addison** accused the Plaintiff of being a sovereign citizen and denied him due process. The Plaintiff requested for re-instatement of Driver' License to obtain employment but was denied which the court actions violates Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto, and for violations of the Fair Credit Billing Act, 15 U.S.C.1601 et seq. §§ , Title 18 U.S.C. Section 241,Title 18 U.S.C. Section 242,Title 18 U.S.C.1001,Title 42 U.S.C.408 (8),(9),(b),Title 5 U.S.C. 552a,Title 42 U.S.C. Section 1983,42 U.S.C. Section 14141, Title 18 U.S.C. Section 249 ,Title 12 U.S.C. 95a (2) , and Title 18 U.S.C. Chapter 31 Section 656, TCA. 39-14-103.

19. That on or about December 29, 2016 Plaintiff tendered non-negotiable instruments to the Dr. Raquel Hatter, Director of Department of Human Services Division ; CK #0047 for Amounts for TCSES #29471 $6,932.74 and TCSES# 1214099, which totalled $26,388.93, to satisfy a Debt made by the Claimant , State Tennessee for the purpose of satisfying the presentment made to the Plaintiff, however the Dr. Raquel Hatter failed to respond and kept the Instruments mailed certified.  **(SEE Exhibit 3**, Collective document of Non-Negotiable Instruments)

20. That on or about March 1, 2017, the Plaintiff made another Special appearance to the Juvenile court for modifications and that Non-negotiable instruments had been issued for the arrears and that due to the Children were all adults the matter should be zeroed out and dismissed.  Referee Judge Nancy Kessler heard matter and zeroed some of the accounts of E1574- TCSES 294971 and H2736-TCSES 1165400, but failed to zero the case S3438-TCSES 1214099, Maxine Veasey who is the mother of the Plaintiff's deceased wife, Katrina Hayes. It is well to note that the Plaintiff was denied due process of the account to be brought to zero and was ordered to pay $25.00 for arrears for TCSES #1214099 and was told that the arrears was $19,506.39. The Plaintiff requested to the Referee Judge for re-instating this corporate TNDL in order to obtain public employment and benefits, but he was denied reinstatement by the Referee Judge Nancy Kessler. The actions of the Defendants violate: U.S. Constitution Article 6 section 2, the United States Codes : Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto, and for violations of the Fair Credit Billing Act, 15 U.S.C.1601 et seq. §§ , Title 18 U.S.C. Section 241,Title 18 U.S.C. Section 242,Title 18 U.S.C.1001,Title 42 U.S.C.408 (8)(9)(b),Title 5 U.S.C. 552a,Title 42 U.S.C. Section 1983,42 U.S.C. Section 14141, Title 18 U.S.C. Section 249 ,Title 12 U.S.C.95a (2) , and Title 18 U.S.C. Chapter 31 Section 656, TCA. 39-14-103. **(SEE Exhibit 4**, Court Findings and Recommendations)

21. That on or about March 22, 2017, Hayes, Anthony Decarlo, went to the Shelby County Child Support Agency inquiring to have the Tennessee Driver's privilege card re-instated; in order

that he could obtain an employment opportunity given him that required a State Driver's License. Consequently, he was denied re-instatement by agent Supv. Kendra Robinson, and although the recent court documents were produced to facilitate this change. The Supv. Kendra Robinson typed a letter that claimed an agreement was made that Hayes would pay a lump sum of $500.00 for re-instatement. That on 4/27/2017 the Plaintiff responded with letter to the contrary. Although it had already been determined by the Shelby County Juvenile Court that Hayes had the inability to pay Child Support and reduced arrears payment for the matter of MAXINE VEASEY **S-3438, TCSES 1214099,** who is the mother of the Deceased Katrina Hayes to $25.00 per month for the arrears of $19,406.19. Kendra Robinson the Shelby County Child Support Supervisor threaten Hayes which forced him to sign t**he enclosed document under duress for the threat of incarceration** and this document was <u>accepted for value</u> under protest. That on or about March 23,2017, Document and a complaint of matter was sent the State Tennessee Attorney General ,Herbert H. Slatery,III to no avail or answer which violate his responsibility and oath of office .The Defendants actions violated the U.S. Constitution Article 6 section 2, the United States Codes : Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto, and for violations of the Fair Credit Billing Act, 15 U.S.C.1601 et seq. §§ , Title 18 U.S.C. Section 241,Title 18 U.S.C. Section 242,Title 42 U.S.C.408 (8),(9),(b) ,Title 5 U.S.C. 552a,Title 42 U.S.C. Section 1983,42 U.S.C. Section 14141, Title 18 U.S.C. Section 249 ,Title 12 U.S.C.95a (2) , and Title 18 U.S.C. Chapter 31 Section 656, TCA. 39-14-103. (**SEE Exhibit 5**, Collective Letter Documents, Accepted for value document).

22. It is well to note that the Plaint never got the right to be heard by the Elected Judge Dan Michaels; that on or about June 6, 2017, the Plaintiff made even another Special appearance for a re-hearing before the Referee Judge Harold Horne and introduced case all over again and fact that he never consented to the disclosure of the corporate social security number of the Corporate trust and that Hayes corporate TNDL (Tennessee Driver's License) was denied reinstatement by the Shelby County Child Support agency

9

and the Referee Judge Horne failed to bring the account balance to zero for S3438-TCSES# 1214099,and although the reinstatement fees $500.00 Ck # 0054 for the TNDL was tendered along another non-negotiable instrument for arrears CK# 0053 for $19,506.39 that was issued in "GOOD FAITH" to stay in honor. Referee Horne failed to address Hayes's pleading and also would not hear the full matter about Maxine Veasey who is an employee of the Department of Human Services employee who made the unauthorized Disclosure and use of the Plaintiff's Corporate Trust; SSN# XXX-XX-0294, which violates the U.S. Constitution Article 6 section 2, the United States Codes : Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto, and for violations of the Fair Credit Billing Act, 15 U.S.C.1601 et seq. §§ , Title 18 U.S.C. Section 241,Title 18 U.S.C. Section 242,Title 42 U.S.C.408,Title 5 U.S.C. 552a,Title 42 U.S.C. Section 1983,42 U.S.C. Section 14141, Title 18 U.S.C. Section 249 ,Title 12 U.S.C.95a (2) , and Title 18 U.S.C. Chapter 31 Section 656, TCA. 39-14-103 .(**SEE Exhibit 3** Non –Negotiable Instruments).

### V. CAUSE OF ACTION

BREACH OF FIDUCIARY RESPONSIBILITY Title 8 U.S.C 1481, Title 18 U.S.C. Section 241,Title 18 U.S.C. Section 242,

24. The Plaintiff re-affirms paragraph 1-23 and incorporates the above reference. The defendants violated their fiduciary responsibility and **oath of their offices** by failing to uphold the Constitution of these united states of America, the Tennessee Constitution ,Treaties and the United Nation Declaration on the Rights of Indigenous Peoples, thereby causing the commission of human rights violations ,Kidnapping , Human Trafficking, False Imprisonment in violation of the U.S. Constitution Article 6 section 2, the United States Codes Title 12 U.S,C, 95 a (2), Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto, and for violations of the Fair Credit Billing Act, 15 U.S.C.1601 et seq. §§ , Title 18 U.S.C. Section 241,Title 18 U.S.C. Section 242,Title 42 U.S.C.408,Title 5 U.S.C. 552a,Title

42 U.S.C. Section 1983,42 U.S.C. Section 14141, Title 18 U.S.C. Section 249 ,Title 12 U.S.C.95a (2) , and Title 18 U.S.C. Chapter 31 Section 656, TCA. 39-14-103 of the Plaintiff's corporate trust XXX-XX-0294 and failing to adjust accounts to zero for Non-negotiable instruments is theft and embezzlement of the Plaintiff's credits and assets.

25. The Defendant Corporate Government Agencies through its Agents actions violate Public Policy, Act of Congress, House Joint Resolution 192 codified at 48 Stat. 112 (June 5, 1933); Public Law 73-10; and the amended Statue Title 12 U.S.C. 95 a (2) which authorizes discharge of debt that is issued in "good faith" pursuant to – **UCC ARTICLE 3 - NEGOTIABLE INSTRUMENTS, PART 6. DISCHARGE  specifically § 3-603. TENDER OF PAYMENT et. seq., And  also according to UCC. Section 3-311. Accord and Satisfaction by Use of Instrument.** The Defendants accepted the Instrument but failed to apply credit to the account balance to zero

## CAUSE OF ACTION

FALSE IMPRISONMENT Title 18 U.S.C.1001, 5 U.S.C 552(b), 42 U.S.C.408 (8).(9),(b)

### COUNT TWO

26. The Plaintiff re-affirms paragraph 1-25 against all Defendants and incorporates the above reference. The Defendants created a scheme to suspend TNDL for the False Imprisonment and the refused the restoring the entity's [ANTHONY D.HAYES], TNDL (Tennessee Driver's License) in order that the Plaintiff, Hayes, Anthony Decarlo which is the Living soul connected that is by proxy is connected to the "ALL CAPS" Corporate TNDL to be incarcerated at free will by State Law and be held in contempt thereby perpetuating the Drivers/ Contempt offenses. Defendant Maxine Veasey is an employee of the Department of Human Services division who personally knows the Plaintiff and had access to the Plaintiff's information #SSN XXX-XX-0294 and violated the Plaintiff's identity. All Defendants are liable and should be prosecuted to the limited of the laws and made to make restitution as well.

### CONCLUSION

In Conclusion in the merits of this case "all Defendants officials" actions results in malfeasance and or negligence, and unjust enrichment and the breach of their fiduciary Responsibility to their oath of office to uphold the Supreme and Constitutional Laws for the united states of America, but participated in a conspiracy against the plaintiff and that facts and evidence presented are unjust and malicious arbitrary and capricious to the Plaintiff.

RELIEF SOUGHT

WHEREFORE Plaintiff Hayes demands judgment against the defendants, jointly and severally, as follows:

a.) as compensatory damages, the sum of actual damages of the Instruments issued.

b.) as punitive damages, the sum of $300,000.00 in treble Damages each;

c.) that exemplary damages be imposed for the Plaintiff emotional distress

and restitution for the unlawful offenses in the sum of $300,000.00 in treble Damages;

d.) that the Defendants actions be declared unconstitutional and criminal charges

be enforced and restitution under the maximum penalty of law.

g.) And that other such further relief as to the Court deems proper.

Respectfully submitted,

The Affiant further sayeth not.

All Rights Reserved, In Propria Persona

UCC 1-308 and 1-103

L.S. *Hayes anthony decarlo*

2954 Spottswood Avenue, Memphis,

Tennessee[38111] 901-289-0276

Ens. Legis   ANTHONY DECARLO HAYES

## Certificate of Service

I, Hayes, Anthony Decarlo, certify a true and correct copy was mailed certified U.S. Mail to the Defendants for process of service.

### JURAT

**STATE OF TENNESSEE**        )
                             ) SS.
**COUNTY OF SHELBY**          )

By Special Appearance before me this ___14th___day , of June ,2017 A.D. Being In Honor , the Divine Being, <u>Hayes, Anthony,</u> Affirms that he is the National Person/Divine Being herein named, existing in his own Proper Person; meeting the 'laws of evidence' as defined in Identity; affirms by Lawful, Substantive Right; by Birthright, and respectively acknowledged- being lawfully qualified and competent to execute this **<u>Affidavit</u> .** I therefore place my hand seal thereto.

SEAL

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/12/2018



13