```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

ANTHONY D. HAYES,

    Plaintiff,

vs.                                         No. 17-2414-JPM-dkv

STATE OF TENNESSEE;
SHELBY COUNTY JUVENILE COURT;
SHELBY COUNTY CHILD SUPPORT SERVICES;
RAQUEL HATTER, Department Head of
Department of Human Services;
HERBERT H. SLATERY, III, State
Attorney General;
DAN MICHAELS, Judge;
HAROLD HORNE, Judge;
KENDRA ROBINSON, Department Supervisor
Child Support Agency;
MAXINE VEASEY, Department of Human
Services,

    Defendants.

## REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On June 15, 2017, the plaintiff, Anthony D. Hayes ("Hayes"), filed a *pro se* complaint against the State of Tennessee, the Shelby County Juvenile Court, the Shelby County Child Support Services, Raquel Hatter, Herbert H. Slatery, III, Dan Michaels, Harold Horne, Kendra Robinson, and Maxine Veasey (collectively "the Defendants"). (ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Accompanying the complaint was a motion to proceed *in forma pauperis*, which the court granted on June 20, 2017. (ECF Nos. 2, 6.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

## I. PROPOSED FINDINGS OF FACT

In this complaint for "Constitution/Human Rights Violations," Hayes, who is a frequent filer in this district,[1] maintains that the Defendants violated the United States Constitution, the Tennessee Constitution, and a sweeping number of federal statutes, state statutes, regulations, and treaties. (Compl., ECF No. 1.) It is difficult to ascertain the facts and legal arguments that relate to Hayes's claims because they are incoherent, lack context, and are buried under legal conclusions and enumerations of law largely irrelevant.

Specifically, Hayes alleges that he was first arrested on a warrant for contempt of court on June 15, 2016. (*Id.* ¶ 17.) On October 18, 2016, Hayes was arrested again when making a special appearance in a Juvenile Court hearing before Referee Carlyn Addison. (*Id.* ¶ 18.) At this hearing, Hayes requested that his driver's license be reinstated in order to obtain employment but was denied. (*Id.*) Hayes alleges that on December 29, 2016, he tendered non-negotiable instruments to Dr. Raquel Hatter, Director of

---

[1] A search on the court's CM/ECF indicates that Hayes has filed fourteen prior complaints generally listing as defendants the city of Memphis, the Shelby County, the state of Tennessee, and various city, county, and state institutions and officials.

Department of Human Services Division, totaling $26,388.93 to satisfy a debt but that Dr. Raquel Hatter "failed to respond and kept the Instruments mailed certified." (*Id.* ¶ 19.)

On March 1, 2017, Hayes made another special appearance in Juvenile Court before Referee Judge Nancy Kessler "for modifications and that [n]on-negotiable instruments had been issued for the arrears and that due to the Children [being] all adults the matter should be zeroed out and dismissed." (*Id.* ¶ 20.)  Referee Judge Nancy Kessler "zeroed some of the accounts . . . but failed to zero the case [of] Maxine Weasey who is the mother of the Plaintiff's deceased wife, Katrina Hayes." (*Id.*)  Hayes was ordered to pay $25 for arrears and was told that the arrears totaled $19,506.39. (*Id.*)  It also appears that Hayes's request to bring his account to zero was denied. (*Id.*)  On this appearance, Hayes again requested that his driver's license be reinstated but the request was denied by Referee Judge Nancy Kessler. (*Id.*)

On March 22, 2017, Hayes went to the Shelby County Child Support Agency and again attempted to reinstate his driver's license but was denied by agent supervisor Kendra Robinson. (*Id.* ¶ 21.)  Hayes alleges that Kendra Robinson "forced him to sign the enclosed document under duress for the threat of incarceration and this document was accepted for value under protest." (*Id.*)  It is unclear what document Hayes refers to.

3

On June 6, 2017, Hayes made another special appearance for a rehearing before Referee Judge Harold Horne who also denied Hayes's request to bring the account balance to zero. (*Id.*) It appears that Referee Judge Harold Horne also denied Hayes's request to reinstate his driver's license "although the reinstatement fees [sic] $500.00 . . . was tendered." (*Id.*)

Based on these ambiguous facts, Hayes sets forth two causes of action: (1) breach of fiduciary responsibility; and (2) false imprisonment. (*Id.* ¶¶ 24-26.)

As relief, Hayes seeks compensatory damages equal to the sum of the instruments issued, punitive damages in "the sum of $300,000.00 in treble [d]amages," "exemplary damages . . . [for Hayes's] emotional distress," "restitution for the unlawful offenses in the sum of $300,000.00 in treble [d]amages," and that "the Defendants [sic] actions be declared unconstitutional and criminal charges be enforced." (*Id.* at 12.)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of

4

the court issues.  This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

    (i)    is frivolous or malicious;

    (ii)   fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.   Standard of Review

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original).  "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550

U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in [] complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the

6

requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.     Breach of Fiduciary Duty — Count One

In support of this claim, Hayes alleges that the Defendants "violated their fiduciary responsibility and oath of their offices by failing to uphold the [United States] Constitution . . . , the Tennessee Constitution, Treaties and the United Nation Declaration on the Rights of Indigenous Peoples," and a number of federal statutes

and regulations including human trafficking, the Truth in Lending Act, the Federal Reserve Board Regulation Z, and the Fair Credit Billing Act.  (Compl. ¶ 24, ECF No. 1.)  Hayes also alleges that the Defendants committed theft in violation of 18 U.S.C.A. § 656, Tenn. Code Ann. § 39-14-103, and the Uniform Commercial Code by stealing his "corporate trust [] and failing to adjust accounts to zero for Non-negotiable instruments . . . and embezzle[ing] [his] credits and assets."  (*Id.* ¶¶ 24-25.)

Hayes's breach-of-fiduciary-duty claim is incoherent and fails to state a claim for relief.  Hayes does not state what statutory authority his breach-of-fiduciary-duty claim is based upon.  The federal statutes he cites in support are irrelevant to such claim.  For instance, 8 U.S.C. § 1481 contains a list of violations which would result in the loss of one's nationality; 18 U.S.C. § 241 contains the offense of conspiracy against rights secured by the Constitution or laws of the United States; and 18 U.S.C. § 242 contains the offense of deprivation of rights under color of law.  The relevance of the remaining statutes and regulations listed by Hayes, such as the Truth in Lending Act, the Federal Reserve Board Regulation Z, Human Trafficking statutes, is also unclear.  Hayes simply lists a number of statutes without including any facts, let alone plausible, in support of his alleged violations.

Hayes has also failed to set forth a coherent theft and embezzlement claim.  Hayes vaguely argues that he tendered

non-negotiable instruments to Dr. Raquel Hatter to satisfy a debt, but that various Juvenile Court referee judges failed to "zero out" his account. (Compl ¶¶ 19-23, 25, ECF No. 1.) Hayes, however, does not include any further details regarding the debt or his attempts to pay such debt. More importantly, Hayes's allegations, even if accepted as true, do not explain how the Defendants committed theft by refusing to "zero out" his account.

To the extent that Hayes seeks to challenge a Juvenile Court order regarding his child support payments, (*see id.* ¶¶ 20, 22), this court does not have jurisdiction over such claim. *See Reguli v. Guffee*, 371 F. App'x 590, 595 (6th Cir. 2010)(holding that the *Rooker-Fieldman* doctrine divests the federal district courts of jurisdiction over challenges to state court orders); *Briscoe v. Jackson*, 285 F. App'x 205, 207 (6th Cir. 2008)(stating that under the *Rooker-Fieldman* doctrine, district courts do not have subject-matter jurisdiction "when the losing party in state court file[s] suit in federal court after the state proceedings end[], complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment" (quotation and internal quotation marks omitted)); *Jones v. Child Support Div.*, No. 3:09-CV-89-H, 2009 WL 2240389, at *1 (W.D. Ky. July 24, 2009)("Other than the United States Supreme Court, federal courts are without jurisdiction to adjudicate claims which seek review of a state decision on the ground that the decision violated the federal

9

constitutional rights of one of the parties." (citations omitted));
*see also Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981)(stating that federal courts traditionally have refrained from exercising jurisdictions over domestic relations disputes whether brought under the court's diversity jurisdiction or "under the guise of a federal question action" (citations omitted)).

For these reasons, Hayes has failed to plausibly set forth a breach-of-fiduciary-duty claim.

D.   False Imprisonment — Count Two

With respect to his false imprisonment claim, Hayes maintains that the Defendants created a scheme to suspend his driver's license and that they refused to reinstate it causing Hayes "to be incarcerated at free will by State Law and be held in contempt thereby perpetuating the Drivers/Contempt offenses."  (Compl. ¶ 26, ECF No. 1.)  Again, this claim is incoherently stated and fails to set forth a claim for relief.  The statutes cited by Hayes are wholly unrelated to his claim of false imprisonment.  For instance, 18 U.S.C. § 1001 contains the offense of false statements by government employees; 5 U.S.C. § 552 contains reporting procedures for administrative agencies; and 42 U.S.C. § 408 contains penalties for making false statements in applications for social security benefits.

Under Tennessee law, false imprisonment "is the intentional restraint or detention of another against his will without just cause."   *Williams v. Express Airlines I, Inc.*, 825 F. Supp. 831,

834 (W.D. Tenn. 1993)(citing *Brown v. SCOA Indus, Inc.*, 741 S.W.2d 916, 919-920 (Tenn. App. 1987)); *Newsom v. Thalhimer Bros.*, 901 S.W.2d 365, 367 (Tenn. Ct. App. 1994)(citing *Brown*). "[F]alse imprisonment requires that the defendant must have acted without probable cause" when arresting the plaintiff. *Brown v. SCOA Indus., Inc.*, 741 S.W.2d 916, 920 (Tenn. Ct. App. 1987). Here, Hayes alleges that he was arrested on June 15 and October 18, 2016, (Compl. ¶¶ 17, 18, ECF No. 1), but he does not allege any other circumstances regarding these arrests. Hayes does not allege that he was arrested without probable cause or that any of the defendants arrested him. It is also unclear how the "scheme to suspend" his driver's license is connected to his claim for false imprisonment.[2]

In short, Hayes's causes of action are incoherently stated and fail to set forth any viable claims for relief. Hayes has not pled any factual allegations nor asserted any basis for his claims. Hayes's complaint contains no plausible factual content to survive the *Iqbal* and *Twombly* standard. More vitally, the complaint does not contain "a short and plain statement of a claim showing that Hayes is entitled to relief" as required by Fed. R. Civ. P. 8(a). Accordingly, the court recommends that Hayes's claims for breach of

---

[2] Hayes does not assert a 42 U.S.C. § 1983 claim for violations of the Fourth Amendment; nevertheless, such a claim would also fail because a "false arrest claim under federal law requires a plaintiff to establish that the arresting officer lacked probable cause to arrest the plaintiff." *Bach v. Drerup*, 545 F. App'x 474, 476 (6th Cir. 2013)(citing *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010)).

fiduciary duty and false imprisonment be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* pursuant to a pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (ii), and judgment be entered for the defendants.

Respectfully submitted this 27th day of June, 2017.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.