# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY D. HAYES, <br>     Plaintiff, <br> v. <br> STATE OF TENNESSEE, et al., <br>     Defendants. | No. 2:17-cv-2414-JPM-dkv |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

Before the Court is the Magistrate Judge's "Report and Recommendation," filed June 27, 2017. (ECF No. 7.) In the Report and Recommendation, the Magistrate Judge recommends "that Hayes's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and judgment be entered for the defendants." (Id. at PageID 75.)

Plaintiff has not filed a timely objection to the Magistrate's Report and Recommendation.

## I. BACKGROUND

This action involves claimed violations of (1) breach of fiduciary responsibility under 8 U.S.C. § 1481, 18 U.S.C. §§ 241, 242, and unspecified public policies and acts of Congress; and (2) false imprisonment under 18 U.S.C. 1001, 5 U.S.C. 552(b), and 42 U.S.C. 408 (8), (9)(b). (See ECF No. 1 at PageIDs 10-11.)

In a Complaint filed on June 15, 2017, Anthony D. Hayes ("Plaintiff"), who is proceeding pro se, asserts that "[t]his matter involves Kidnapping, Human Trafficking, and the theft of assets of the Plaintiff's Corporate Trust." (Id. at PageID 2.) Plaintiff alleges he was first arrested on June 15, 2016 (Id. at PageID 7; ECF No. 7 at PageID 65) and again on October 18 2016. (Id.) On this second date, Plaintiff requested his driver's license be reinstated, but was

denied.  (Id.)  Plaintiff further alleges Defendants accepted "Non-Negotiable Instruments" that Plaintiff tendered, but Defendants "refused and failed to adjust accounts to zero," although Plaintiff recognizes that "no validation of contract was ever made."  (ECF No. 1 at PageID 8; ECF No. 7 at PageID 65-66.)  Plaintiff alleges that on March 22, 2017, his request for his driver's license to be reinstated was once again denied, and he was further forced to sign an unspecified document "under duress for threat of incarceration."  (ECF No. 1 at PageID 8-9; ECF No. 7 at PageID 66.)  Plaintiff further alleges his repeated attempts to bring his account balances to zero were repeatedly denied.  (Id.)

On June 15, 2017, Plaintiff filed his Pro Se Complaint.  (ECF No. 1.)  On the same day, Plaintiff moved to proceed *in forma pauperis* (ECF No. 2), which was granted in an Order dated June 20, 2017.  (ECF No. 6.)  Magistrate Judge Diane K. Vescovo filed the Report and Recommendation on June 27, 2017, recommending the case be dismissed *sua sponte* for failure to state a claim.  (ECF No. 8.)  No objections to the Report and Recommendation were filed prior to the deadline of July 11, 2017.  On July 24, 2017, Plaintiff filed a Notice of Appeal with the Court, purportedly indicating his intent to appeal the Magistrate Judge's Report and Recommendation to the Sixth Circuit.  (ECF No. 9.)

## II.     ANALYSIS

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed R. Civ. P. 72(b)(2).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

The portions of the Report and Recommendation as to which no specific objections were timely filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

Plaintiff did not file a timely objection to the Report and Recommendation. Even if the Court construes the Sixth Circuit Notice of Appeal filed on July 24, 2017 (ECF No. 9) as an objection, such an objection would not be timely filed. Additionally, the Notice of Appeal does not raise specific objections to the Report and Recommendation, but simply lists the issues that Plaintiff wishes to raise on appeal. (See ECF No. 9 at PageID 80.) Because Plaintiff does not make any timely or specific objections to the proposed findings and recommendations in the Magistrate Judge's report, the Court reviews the Report and Recommendation for clear error. See Howard, 932 F.2d at 509.

In support of his breach of fiduciary duty claim, Plaintiff merely lists a number of statutes, many of which are irrelevant for such a claim. (ECF No. 1 at PageID 10-11.) Plaintiff fails to allege any specific facts that would support any such claim, either. (Id.) Plaintiff's apparent attempt to include a claim of theft under Count One also fails, as he merely alleges that he tendered non-negotiable instruments but various judges failed to "zero out" his accounts. (ECF No. 1 at PageID 8-11.) Without any specific factual allegation to support these vague claims, Plaintiff fails to state a claim upon which relief can be granted. (See ECF No. 1.)

In support of his claim of false imprisonment, Plaintiff makes vague factual allegations without supporting statutes. (ECF No. 1 at PageID 11.) Under Tennessee law, false imprisonment is "the intentional restraint or detention of another against his will without just cause." Williams v. Express Airlines I, Inc., 825 F. Supp. 831, 834 (W.D. Tenn. 1993) (citing Brown v. SCOA Industries, Inc., 741 S.W.2d 916, 919-20 (Tenn. Ct. App. 1987)). Although "actual force is not necessary to constitute a false imprisonment," Williams, 825 F. Supp. At 834, Plaintiff fails to show how repeated denials of his request to reinstate his driver's license could constitute a false imprisonment. (See ECF No. 1 at PageID 11-12.) The statutes cited by Plaintiff, moreover, are irrelevant to a claim of false imprisonment. (ECF No. 1 at PageID 11 (citing, for example, 5 U.S.C. § 552, which contains reporting procedures for administrative agencies).) Plaintiff further alleges that he was arrested, but fails to provide any factual allegations that would support a claim of false imprisonment, as no allegations point to the arrests being improper. (ECF No. 1 at PageID 7.) Without relevant factual allegations or applicable statutes, Plaintiff fails to state a claim of false imprisonment. (See ECF No. 1.)

On clear-error review, the Court hereby ADOPTS the Report and Recommendation (ECF No. 7) in its entirety.

Accordingly, Plaintiff's complaint is DISMISSED *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and judgment is entered for Defendants.

**IT IS SO ORDERED,** this 8th day of August, 2017.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE